IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02243-CMA-MJW

DEVRA A. JEFFERS, MPA, MURP, MAED,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,
DAVID SUPPES, and
NICOLE PORTEE,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR MEDIATION**

---

This matter is before the Court on Plaintiff Devra Jeffers' two motions:

1. Motion for Reconsideration (Doc. # 41) of the Court's Order Affirming and Adopting the May 11, 2017 Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 31), and

2. Motion for Mediation (Doc. # 43).

For the following reasons, the Court denies both of Plaintiff's motions.

### I.     MOTION FOR RECONSIDERATION

Defendants moved to dismiss Plaintiff's claims on September 13, 2016 (Doc. # 9), which the Court then referred to Magistrate Judge Watanabe (Doc. # 29). On May 11, 2017, Magistrate Judge Watanabe issued his Report and Recommendation on Defendants' Motion to Dismiss, recommending that Plaintiff's complaint be dismissed

without prejudice. (Doc. # 30.) The Recommendation clearly stated that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have **fourteen (14) days after service** of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case." (*Id.* at 20) (emphasis added.) Because the Recommendation issued May 11, 2017, the fourteen-day window for objecting closed May 25, 2017. No party filed objections to the Recommendation by May 25, 2017. After waiting to allow for mailing delay, on June 1, 2017, the Court issued its Order Affirming and Adopting the Recommendation and dismissed Plaintiff's complaint. (Doc. # 31.)

Approximately three and one half hours after the Court issued its Order, Plaintiff filed her objections to the Magistrate Judge's Recommendation. (Doc. # 33.) This filing was twenty-one days after the Recommendation was issued. Thus, Plaintiff's objections were not timely, even allowing six days for Plaintiff to receive and send documents by mail. The Court has nonetheless reviewed Plaintiff's objections which are nothing more than a restatement of the arguments she had previously asserted to the Magistrate Judge. This Court had already considered these arguments when it reviewed the matter and issued its Order.

Grounds warranting reconsideration under Federal Rule of Civil Procedure 60 include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has discretion to grant relief as justice requires under Rule 60, yet such relief is

"extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete*, 204 F.3d at 1009.

Plaintiff has not demonstrated any exceptional circumstances warranting reconsideration in the instant motion. *See* (Doc. # 41.) Plaintiff alleges that the Court erroneously "changed the timeline" for objecting to a report and recommendation from twenty-one to twenty days and that the Court's Order Affirming and Adopting the Recommendation "disrespected" and "prejudiced" her. (*Id.*) However, as explained above, the Recommendation clearly stated that pursuant to federal law, any party had fourteen days to serve an objection. *See* (Doc. # 30 at 20.) Plaintiff's argument for reconsideration has no merit. The Court therefore denies Plaintiff's Motion for Reconsideration. (Doc. # 41.)

## II.  MOTION FOR MEDIATION

On October 20, 2017, Plaintiff filed a Motion for Mediation. (Doc. # 43.) She requests that the Court "order early neutral evaluation through mediation" and that she receive "*pro bono* assistance with this mediation based on lack of income." (*Id.*) Plaintiff does not explain what matters there are to mediate, nor does she provide legal authority in support of her motion.

The Court denies this motion. Having affirmed the dismissal of Plaintiff's complaint, this case is closed. Final Judgment has been entered. (Doc. # 32.) The parties agreed on a bill of costs, *see* (Doc. # 38), and the Clerk of the Court accordingly taxed costs in the amount of $1,068.41 against Plaintiff and in favor of Defendants (Doc.

# 39.)  The Court denies Plaintiff's Motion for Reconsideration, as explained above. There is nothing left to mediate.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. # 41) is DENIED and Plaintiff's Motion for Mediation (Doc. # 43) is DENIED.

DATED:  November 13, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge